**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE UBALDO ROMAN MARIA, NELSON JAVIER VASQUEZ RODRIGUEZ, PRUDENTE RAMIREZ CORNELIO, and DAVID BENTZLEREUDE SURIEL DE JESUS, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>ROUGE TOMATE CHELSEA LLC (D/B/A ROUGE TOMATE), ROUGE TOMATE CORP. (D/B/A ROUGE TOMATE), ROUGE TOMATE NEW YORK LLC (D/B/A ROUGE TOMATE), EMMANUEL VERSTRAUTEN, CHRISTIAN MOLINA, HARTLEY PARISH, and GRIGORII GULIAEV,<br><br>　　　　　　　　　　　　Defendants. | CIVIL ACTION<br><br>No. 1:18-cv-05775-JMF<br><br><br>**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT HARTLEY PARISH** |

Defendant Hartley Parish ("Ms. Parish") hereby answers the Complaint of the named plaintiffs ("Plaintiffs") as follows.

### Nature of Action

1.　Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 1 of the Complaint with respect to which defendant entity, if any, employed Plaintiffs. Moreover, any allegation of employment by any defendant states a legal conclusion. As such, the allegations are denied and Plaintiffs are left to their proofs. Ms. Parish expressly denies that she employed any of the Plaintiffs.

2.-3.　Denied.

4. Admitted.

5. Denied.

6. With respect to Plaintiffs' alleged hours of work, denied. Ms. Parish does not have sufficient knowledge to respond to the allegations with respect to Plaintiffs' compensation. As such, the allegations are denied and Plaintiffs are left to their proofs.

7.-9. Denied.

10. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 10 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

11. With respect to the Plaintiffs' duties, denied. The balance of paragraph 11 of the Complaint states a legal conclusion and therefore also is denied, leaving Plaintiffs to their proofs.

12.-15. Denied.

16.-17. Paragraphs 16 and 17 of the Complaint do not contain any allegation requiring a response. To the extent that such paragraphs may be read to contain factual allegations or to allege any liability on the part of Ms. Parish, such allegations are denied.

### Jurisdiction and Venue

18. Admitted.

19. Ms. Parish does not contest venue in this jurisdiction. The factual allegations contained in paragraph 19 of the Complaint are denied.

### Parties

20.-27. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 20-27 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

28. Denied.

29.-31. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 29-31 of the Complaint.  As such, the allegations are denied and Plaintiffs are left to their proofs.

32. Upon information and belief, Ms. Parish admits that defendant Verstrauten was an owner of the defendant entities.  Ms. Parish does not have sufficient knowledge to respond to the balance of the allegations contained in paragraph 32 of the Complaint.  As such, the allegations are denied and Plaintiffs are left to their proofs.

33. Ms. Parish admits that, for some period, defendant Molina established employee work schedules.  Ms. Parish does not have sufficient knowledge to respond to the balance of the allegations contained in paragraph 33 of the Complaint.  As such, the allegations are denied and Plaintiffs are left to their proofs.

34.-35. Denied.

**Factual Allegations**

36.-39. Denied.

40.-41. Paragraphs 40-41 of the Complaint state legal conclusions, which are denied with Plaintiffs left to their proofs.

42. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 42 of the Complaint.  As such, the allegations are denied and Plaintiffs are left to their proofs.

43. Paragraph 43 of the Complaint initially states a legal conclusion that is denied, with Plaintiffs left to their proofs.  With respect to her co-defendants, Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 43 of the Complaint.

As such, the allegations are denied and Plaintiffs are left to their proofs. To the extent that the factual allegations concern Ms. Parish, they expressly are denied.

44.-45. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 44-45 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

46. Denied.

47. Paragraph 47 of the Complaint does not contain any allegation requiring a response. To the extent that such paragraph may be read to contain factual allegations or to allege any liability on the part of Ms. Parish, such allegations are denied.

48. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 48 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

49. Admitted.

50.-51. Denied.

52.-53. Admitted.

54.-57. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 54-57 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

58. Denied.

59. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 59 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

60. Denied.

61. Ms. Parish admits that, for some period of time, Mr. Guliaev shared in tips. The balance of the allegations contained in paragraph 61, including, but not limited to, Ms. Guliaev's alleged status as a manager, are denied.

62.-64. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 62-64 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

65. Admitted.

66.-67. Denied.

68.-69. Admitted.

70.-75. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 70-75 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

76. Denied.

77. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 77 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

78. Denied.

79. Ms. Parish admits that, for some period of time, Mr. Guliaev shared in tips. The balance of the allegations contained in paragraph 79, including, but not limited to, Ms. Guliaev's alleged status as a manager, are denied.

80. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 80 of the Complaint. As such, the allegations are denied and Plaintiffs

are left to their proofs. To the extent that the allegations concern Ms. Parish, they expressly are denied.

81.-84  Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 81-84 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

85. Admitted.

86.-87. Denied.

88.-89. Admitted.

90.-95. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 90-95 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

96. Denied.

97. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 97 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs. To the extent that the allegations concern Ms. Parish, they expressly are denied.

98. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 98 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

99. Denied.

100. Ms. Parish admits that, for some period of time, Mr. Guliaev shared in tips. The balance of the allegations contained in paragraph 100 are denied.

101.-105.   Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 101-105 of the Complaint.  As such, the allegations are denied and Plaintiffs are left to their proofs.  To the extent that the allegations concern Ms. Parish, they expressly are denied.

106-108.   Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 106-108 of the Complaint.  As such, the allegations are denied and Plaintiffs are left to their proofs.

109.   Admitted.

110.-111.   Denied.

112.-113.   Admitted.

114.-118.   Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 114-118 of the Complaint.  As such, the allegations are denied and Plaintiffs are left to their proofs.

119.   Denied.

120.   Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 120 of the Complaint.  As such, the allegations are denied and Plaintiffs are left to their proofs.

121.   Denied.

122.   Ms. Parish admits that, for some period of time, Mr. Guliaev shared in tips.  The balance of the allegations contained in paragraph 122 are denied.

123.   Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 123 of the Complaint.  As such, the allegations are denied and Plaintiffs

are left to their proofs. To the extent that the allegations concern Ms. Parish, they expressly are denied.

124. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 124 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

125.-133. Denied.

134. Paragraph 134 of the Complaint states legal conclusions, which are denied with Plaintiffs left to their proofs.

135.-140. Denied.

141. Paragraph 141 of the Complaint states legal conclusions, which are denied with Plaintiffs left to their proofs.

142. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraph 142 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs. To the extent that the allegations concern Ms. Parish, they expressly are denied.

143.-145. Denied.

146-147. Ms. Parish does not have sufficient knowledge to respond to the allegations contained in paragraphs 146-147 of the Complaint. As such, the allegations are denied and Plaintiffs are left to their proofs.

**FLSA Collective Action Claims**

148. Paragraph 148 of the Complaint do not contain any allegation requiring a response. To the extent that such paragraph may be read to contain factual allegations or to allege any liability on the part of Ms. Parish, such allegations are denied.

149. Denied.

150. Paragraph 150 of the Complaint states a legal conclusion, which is denied with Plaintiffs left to their proofs.

### First Cause of Action

151. Ms. Parish repeats and incorporates her responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth in this response.

152.-157. Denied.

### Second Cause of Action

158. Ms. Parish repeats and incorporates her responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth in this response.

159-161. Denied.

### Third Cause of Action

162. Ms. Parish repeats and incorporates her responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth in this response.

163.-166. Denied.

### Fourth Cause of Action

167. Ms. Parish repeats and incorporates her responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth in this response.

168.-170. Denied.

### Fifth Cause of Action

171. Ms. Parish repeats and incorporates her responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth in this response.

172.-173. Denied.

### Sixth Cause of Action

174. Ms. Parish repeats and incorporates her responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth in this response.

175.-176. Denied.

### Seventh Cause of Action

177. Ms. Parish repeats and incorporates her responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth in this response.

178.-179. Denied.

### Eighth Cause of Action

180. Ms. Parish repeats and incorporates her responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth in this response.

181.-185. Denied.

### Ninth Cause of Action

186. Ms. Parish repeats and incorporates her responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth in this response.

187.-191. Denied.

### Tenth Cause of Action

192. Ms. Parish repeats and incorporates her responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth in this response.

193.-194. Denied.

### General Denial

Ms. Parish denies any allegation contained in the Complaint to the extent not specifically denied or admitted herein.  Any response contained herein to any allegation referencing a

document is subject to the complete and accurate terms of such document and may be amended at any time in accordance therewith.

## Affirmative Defenses

For purposes of the below affirmative defenses, "Plaintiffs" refers to Plaintiffs and to any individual who may be alleged to be similarly situated to any of them.

## First Affirmative Defense

Plaintiffs' claims are barred, in whole or part, for failure to state a claim upon which relief may be granted.

## Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, unjust enrichment, waiver, set off, and estoppel.

## Third Affirmative Defense

Plaintiffs were not damaged in the manner or to the extent alleged in the Complaint.

## Fourth Affirmative Defense

Plaintiffs are not entitled to some or all of the specific relief requested in the Complaint or to any judgment entered in their favor against Ms. Parish.

## Fifth Affirmative Defense

Ms. Parish acted in good faith and with reasonable grounds at all times.

## Sixth Affirmative Defense

Any actions taken by Ms. Parish were reasonable, legally justified, privileged, and not in violation of any law.

## Seventh Affirmative Defense

Ms. Parish's actions were neither willful nor in disregard of Plaintiffs' rights.

### Eighth Affirmative Defense

None of Plaintiffs ever was an "employee" of Ms. Parish within the meaning of any law.

### Ninth Affirmative Defense

Ms. Parish never was an "employer" of any of the Plaintiffs within the meaning of any law.

### Tenth Affirmative Defense

Plaintiffs did not work the hours claimed in the Complaint and certain hours allegedly worked were comprised of non-compensable preliminary and postliminary activities.

### Eleventh Affirmative Defense

To the extent that Ms. Parish may be found to have been required to provide Plaintiffs with notice pursuant to NY Labor Law 195(1), and to not have done so, Ms. Parish reasonably believed in good faith that she was not required to provide such notice.

### Twelfth Affirmative Defense

Plaintiffs received complete and timely payment of all wages that may have been due to them.

### Thirteenth Affirmative Defense

Ms. Parish asserts and incorporates herein any and all affirmative defenses that are or may become available to her, including, but not limited to, any such defenses pursuant to any Federal, State, or local statute, regulation, rule, ordinance, or other provision of law or having the effect thereof, as well as pursuant to Federal or State common law and any constitutional right or protection.

## Reservation of Rights

Ms. Parish reserves the right to amend and/or supplement the foregoing affirmative defenses at any time.

**WHEREFORE**, Ms. Parish demands judgment dismissing the Complaint, together with attorneys' fees, costs of suit, equitable relief, and such other relief as the Court may deem just and proper.

                                              WASCH & RITSON LLC

                                              By: ___*/s/ Daniel C. Ritson*_____
                                                    Daniel C. Ritson, Esq. (DR7270)
                                                    One Third Avenue, Suite 1126
                                                    Mineola, NY 11501
                                                    dritson@waschritson.com
                                                    973.650.6245

Dated: February 16, 2019