USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
           :
JOSE UBALDO ROMAN MARIA, et al.,  :
           :  18-cv-9826 (VSB) (GWG)
          Plaintiff,  :
           :
      -against-  :  **ORDER**
           :
           :
ROGUE TOMATE CHELSEA LLC, et al.  :
           :
          Defendants.  :
           :
------------------------------------------------------------- X

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Before me is Plaintiffs' objection to a portion of Magistrate Judge Gabriel W. Gorenstein's October 14, 2020 Report and Recommendation regarding the issue of damages in this case. Plaintiffs object to Magistrate Judge Gorenstein's order that Plaintiffs should not be awarded attorneys' fees because there is insufficient evidence that the invoice that Plaintiffs' submitted is supported by contemporaneous time records.

      Because Magistrate Judge Gorenstein's discovery order is neither clearly erroneous nor contrary to law, Plaintiffs' discovery objection is OVERRULED. However, I will review any evidence that Plaintiffs submit showing that their invoice is based on attorneys' contemporaneous time records if such evidence is submitted on or before March 19, 2021.

      **I.**    <u>**Discovery Orders**</u>

          **A.**  *Standard of Review*

      A magistrate judge's discovery orders are generally considered "nondispositive" of the litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Accordingly, a district court must affirm such orders unless they are "clearly erroneous or

contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n*, 2 F. Supp. 3d 499, 502 (S.D.N.Y. 2014) ("Even where parties file timely objections, district courts only set aside parts of the order that are clearly erroneous or contrary to law."). "A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (internal citations and quotation marks omitted). This standard of review is "highly deferential," *id.* at 511, and "magistrates are afforded broad discretion in resolving discovery disputes," *MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Secs. Inc.*, No. 12 Civ. 7322(HB), 2013 WL 6840282, at * 1 (S.D.N.Y. Dec. 27, 2013) (citation omitted). Additionally, "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge," *Thai Lao Lignite Co.*, 924 F. Supp. 2d at 512, and "[n]ew arguments and factual assertions cannot properly be raised for the first time in objections to [a magistrate's discovery order], and indeed may not be deemed objections at all," *Khatabi v. Bonura*, No. 10 CIV. 1168 (ER), 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017) (internal quotation marks omitted) (collecting cases); *see also Creighton v. N.Y.C.*, No. 12 CIV. 7454 (PGG), 2015 WL 8492754, at *5 (S.D.N.Y. Dec. 9, 2015) ("Although a district court has the inherent authority to consider further evidence in reviewing rulings on nondispositive matters, such discretion should rarely be exercised in this context, because the district court functionally operates as an appellate tribunal under Rule 72(a) . . . .") (internal quotation marks omitted).

### B. Procedural Background

Plaintiffs filed the complaint in this case under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and New York Labor Law, §§ 190 et seq. ("NYLL"), on October 24, 2018. (Doc. 1.) The Clerk issued certificates of default against Defendants Rouge Tomate, Chelsea LLC, Rouge Tomate Corp., Rogue Tomate New York LLC, Emmanuel Verstrauten, and Christian Molina (together, the "Defendants") on July 12, 2019. (Docs. 43–47.) On August 13, 2019, I issued an order requiring Defendants to show cause as to why a default judgment should not be entered against them. (Doc. 59.) Defendants did not appear for that hearing, but on October 28, 2019, I reserved entering Plaintiffs' proposed default judgment against Defendants until resolution of this case as to the two non-defaulting individuals. (Doc. 65.) On November 8, 2019, the two non-defaulting individuals were voluntarily dismissed from the case. (Doc. 68.) On May 20, 2020, I awarded Plaintiffs' motion for a default judgment as to Defendants. (Doc. 74.) On that same day, I referred the case to Magistrate Judge Gorenstein for an inquest as to damages. (Doc. 75.)

On October 14, 2020, Magistrate Judge Gorenstein issued his Report and Recommendation, in which he determined that Plaintiffs were not entitled to attorneys' fees. (Doc. 81.) On October 29, 2020, Plaintiffs submitted an objection to the Report and Recommendation, claiming that Plaintiffs were entitled to attorneys' fees and that the Court should "either (a) award counsel fees in the amount of one-third of the total recovery or (b) apply a multiplier of 2 or 3 to the lodestar amount reflected on the submitted billing records." (Doc. 82.)

### C. Discussion

Magistrate Judge Gorenstein noted in his Report and Recommendation that "it is well

3

established that 'any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'" (Doc. 81, at 16) (quoting *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)); *see also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (noting that fee applicants in NYLL and FLSA cases "must submit adequate documentation supporting the requested attorneys' fees and costs," which must include "contemporaneous time records") (internal quotation marks omitted).  Absent such records, fee applications "should normally be disallowed."  *Fisher*, 948 F.3d at 600 (quoting *N.Y. State Ass'n for Retarded Children*, 711 F.2d at 1154).  Magistrate Judge Gorenstein found that Plaintiffs were not entitled to attorneys' fees because "[h]ere, there is no competent evidence submitted by plaintiffs to support the assertion that the invoice is based on contemporaneously-made time records."  (Doc. 81, at 17.)

In their objection, Plaintiff notes that it submitted an invoice, (Doc. 78-7), the form of which "was identical to the form routinely used by such firm for submission of billing records in support of request for attorneys' fees," (Doc 82, at 1.)  As support, Plaintiff cited *Nugzhi Guaraca v. Cafetasia, Inc.*, a case in which I granted attorneys' fees for Plaintiffs' counsel in connection with a FLSA settlement, based on the same billing records form used in this case. No. 17-cv-1516, 2020 U.S. Dist. LEXIS 80216, (S.D.N.Y. May 6, 2020); *see also* Doc. 73-3. While it is true that I have accepted this form in other cases, I cannot say that Magistrate Judge Gorenstein's determination was clearly erroneous or contrary to law, based on the standard articulated consistently in the Second Circuit.  With that said, I will give Plaintiffs the opportunity to submit any evidence, including but not limited to a sworn declaration, demonstrating that the invoice Plaintiffs submitted was based on the attorneys' contemporaneous

4

records.

## II. Conclusion

For the foregoing reasons, Plaintiffs' discovery objection is OVERRULED. The Court will review any evidence that Plaintiffs submit showing that its invoice is based on contemporaneous time records kept by attorneys if submitted on or before March 19, 2021.

SO ORDERED.

Dated: February 25, 2021
      New York, New York

                                          Vernon S. Broderick
                                          United States District Judge